# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT CURRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK,<br><br>Defendants. | Case Nos. 5:09-cv-05094-JF (HRL), 5:09-cv-05212-JW (PVT), 3:09-cv-05367-CRB<br><br>ORDER[1] GRANTING (1) MOTION FOR CONSOLIDATION and (2) MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S COUNSEL |
| DAVID C. LIVINGSTONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK,<br><br>Defendants. | [re: document nos. 6, 7, and 12] |
| KIM M. PRENTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK,<br><br>Defendants. | |

---

[1] This disposition is not designated for publication in the official reports.

Movants Mina Farr and Nader Farr move for (1) consolidation and (2) appointment as lead plaintiffs and approval of lead plaintiffs' counsel. The motions are unopposed and were taken under submission without oral argument. The Court has considered the moving papers and, for the reasons discussed below, the motions will be granted.

## I. BACKGROUND

These putative securities class actions are pursued in this district on behalf of purchasers of the securities of Hansen Medical, Inc. ("Hansen"). The plaintiffs in each action seek remedies under the Securities Exchange Act of 1934 for alleged material misrepresentations and omissions made by Hansen through Frederic H. Moll, Hansen's chief executive officer, and Steven M. Van Dick, Hansen's chief financial officer. Movants seek to consolidate the three related actions as well as appointment as lead plaintiffs and approval of lead counsel pursuant to § 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).

## II. MOTION FOR CONSOLIDATION

Movants request that the following actions be consolidated for all purposes under Fed. R. Civ. P. 42(a) on the grounds that the actions are substantially identical and are brought against the same defendants: *Robert Curry v. Hansen Medical, Inc. et al.*, Case No. C-09-5094-JF, *Livingstone v. Hansen Medical, Inc. et al.*, Case No. C-09-5212, and *Prenter v. Hansen Medical, Inc. et al.*, Case No. 09-5367-CRB.

The PSLRA directs that cases should be consolidated where, as here, there is "more than one action on behalf of a class asserting substantially the same claim or claims.'" *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Fed. R. Civ. P. 42(a) governs the consolidation of actions in federal court, allowing that actions involving a common question of law or fact may be consolidated and that the Court may make orders concerning the consolidated proceedings to avoid unnecessary costs or delay. The three actions clearly involve common questions of law and fact. They cover the same class period, are brought against the same defendants, allege the same violations of law, and allege similar predicate facts. Moreover, the Court has received no opposition to the motion

2

for consolidation.

## III. MOTION FOR APPOINTMENT OF LEAD PLAINTIFF

### 1. Legal standard

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a securities fraud case. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* Second, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and [who] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729-30 (internal citations omitted). Third, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. No other plaintiff has applied for lead plaintiff or submitted an opposition to Movants' request.

### a. Publication

The plaintiffs must publish, "in a widely circulated national business-oriented publication or wire service", a notice advising (1) pendency of the action, the claims, and the class period and (2) that any class member can move to become lead plaintiff within 60 days of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The notice given by Movants, which is attached as an exhibit to their moving papers, satisfies these requirements. *See* Goldberg Decl. Ex. A.

### b. Loss suffered

Movants also allege that they have the largest financial interest. Movants allege a loss of $83,650. Goldberg Decl. Exs. B and C. Based on the same formula, Robert Curry allegedly suffered a loss of $450. *See* Curry Complaint, Sworn Certification for Plaintiff. David Livingstone allegedly suffered a loss of $567.99. *See* Livingstone Complaint, Sworn Certification for Plaintiff. Kim Prenter allegedly suffered a loss of $19,889.23. *See* Prenter Complaint, Sworn Certification for Plaintiff. The Court is not aware of any other potential lead plaintiffs.

### c. Rule 23

Fed. R. Civ. P. 23 provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Because failure to satisfy prongs (1) or (2) would preclude certifying a class in the first instance, this inquiry focuses on typicality and adequacy. *In re Cavanaugh*, 306 F.3d at 730 n.5.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation marks omitted). No facts alleged imply that the Movants are not typical members of the class, and no rebuttal has been presented.

A class representative is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absence class members, and it is unlikely that the action is collusive. *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982). Movants appear to be adequate class representatives.

### IV. MOTION TO APPROVE LEAD COUNSEL

The PLSRA directs that once the court has designated a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Based upon the evidence in the record, the Court is satisfied that Movants' counsel of choice is well qualified to represent the class. The Court also is satisfied that it has ample means to address any issues concerning the adequacy of counsel's performance that may arise as the instant litigation progresses. Accordingly, the Court will appoint the firm of Glancy Binkow & Goldberg LLP as lead plaintiffs' counsel.

4

### III. ORDER

IT IS HEREBY ORDERED THAT:

(1) The actions are consolidated;

(2) Mina Farr and Nader Farr are appointed as lead plaintiffs;

(3) Movants' counsel of choice, Glancy Binkow & Goldberg LLP, is approved as lead plaintiffs' counsel.

DATED: 2/25/2010

_____
JEREMY FOGEL
United States District Judge